RANDY GRANT PIERCE, Justice.

ORDER OF DISBARMENT

¶ 1. This matter is before the Court en banc on the amended formal complaint filed by the Mississippi Bar (“Bar”) in keeping with Rule 6 of the Rules of Discipline for the Mississippi Bar (“MRD”). Because Brandon Leigh Galloway (“Galloway”) has been adjudicated guilty of a felony, the Bar asks this Court to: strike Galloway from the rolls of the Bar; immediately suspend Galloway from the practice of law in Mississippi according to MRD 6(a); enter an order of disbarment of Galloway pursuant to MRD 6(d); and, upon entry of an order for disbarment, assess Galloway with the costs associated with this action. After due consideration, this Court finds that the requested relief should be granted. Further, this Court takes judicial notice of the fact that no appeal has been filed. Therefore, we find that disbarment is proper at this time.
¶ 2. Currently, the Bar has suspended Galloway for failure to pay mandatory Bar dues. On April 11, 2007, Galloway entered a plea of guilty to possession of a controlled substance in the Circuit Court of Harrison County. As a result, the court sentenced Galloway to eight years in the custody of the Mississippi Department of Corrections (“MDOC”). The court provided that the sentence imposed would be suspended upon Galloway’s successful completion of the Long Term Drug and Alcohol Rehabilitation Program (“Rehab”) with MDOC. If and when Galloway successfully completed Rehab, the court would reconsider the eight-year sentence imposed.
¶ 3. Galloway completed Rehab, and the court reconsidered her sentence on March 3, 2008. Upon reconsideration, the court suspended the execution of the original eight-year sentence, resentencing Gallo *541 way to three years of reporting probation. Galloway did not appeal her conviction or sentence, and time do so has since expired.
¶ 4. The Bar served Galloway with process on September 19, 2011. Galloway did not file a formal response to that complaint, but responded by a handwritten letter to Adam Kilgore, general counsel for the Bar. In that letter, Galloway informed the Bar that she would not contest the complaint. Out of an abundance of caution, the Bar forwarded Galloway’s response to this Court because it believed that whether Galloway intended the handwritten letter to be her response to the formal complaint was unclear.
¶ 5. This Court possesses “exclusive and inherent jurisdiction” over the discipline of attorneys under the MRD.[1] De novo review is the standard of review when this Court considers attorney discipline.[2] Additionally, this “Court must decide each disciplinary case on its own unique merits.”[3] Moreover, the burden of proving, by clear and convincing evidence, that the attorney’s actions constituted professional misconduct falls upon the Bar.
¶ 6. In this case, Galloway’s conviction is undisputed. In addition, Galloway even provided the Bar written notice that she would not contest the complaint filed against her. The Bar presented this Court with a certified copy of the judgment of conviction accepting Galloway’s guilty plea. MRD 6(a) provides that the certified copy of the judgment of conviction “shall be conclusive evidence thereof,” and thus, this Court “shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.”[4] MRD 6(d) states that, once the time for appeal from the judgment or conviction has expired or all appeals have been concluded -without reversal, this Court shall order disbarment.[5] Consequently, the Bar has met its burden to show that Galloway should be disbarred immediately.
¶ 7. IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. Brandon Leigh Galloway is hereby DISBARRED from the practice of law in the State of Mississippi.
2. This order shall constitute notice of disbarment in this cause.
3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Brandon Leigh Galloway and the Executive Director of the Mississippi Bar.
4. Brandon Leigh Galloway shall, within thirty days following entry of this order, notify clients and affected courts of her disbarment, properly disburse all funds she may hold in trust, and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Mississippi Rules of Discipline for the Mississippi Bar.
5. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Harrison County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.
6. The Clerk of the Mississippi Supreme Court shall likewise immedi *542 ately forward an attested copy of this order to Clerks of the Circuit and Chancery Courts of Harrison County, the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
7. Brandon Leigh Galloway shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all her clients have been notified of her disbarment and her consequent inability to practice law in the State of Mississippi and that she has fully complied with all requirements set forth in Rule 11 of the Mississippi Rules of Discipline for the Mississippi Bar.
8. The Mississippi Bar shall have and recover of and from Brandon Leigh Galloway all of its costs and expenses of this disciplinary action.
SO ORDERED.
DICKINSON, P.J., not participating.

. McIntyre v. Mississippi Bar, 38 So.3d 617, 623 (Miss.2010).

. Mississippi Bar v. Langston, 987 So.2d 936, 937 (Miss.2008).

. Mississippi Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998).

. Mississippi Rule of Discipline 6(a) (2008).

. Mississippi Rule of Discipline 6(d) (2008).